UNITED STATES DISTRICT COURT<br>
DISTRICT OF MINNESOTA<br>
Civil No. 05-1289(DSD/SRN)

UnitedHealth Group,
Incorporated, a Minnesota
corporation,

        Plaintiff,

v.                              **ORDER**

Lexington Insurance
Company, a Delaware
corporation and Columbia
Casualty Company, an
Illinois corporation,

        Defendants.

This matter is before the court upon plaintiff's objections to the report and recommendation of Magistrate Judge Susan Richard Nelson, dated December 12, 2005. In her report, the magistrate judge recommended that defendant Columbia Casualty Company's motion to dismiss be granted and that Lexington Insurance Company's motion to dismiss be denied without prejudice. For the reasons that follow, the court adopts the magistrate judge's recommendation in part.

**BACKGROUND**

This is an insurance coverage dispute between plaintiff UnitedHealth Group, Inc., and defendants Lexington Insurance Company ("Lexington") and Columbia Casualty Company ("Columbia"). Lexington issued UnitedHealth Group a managed care professional

liability insurance policy that was subject to a $30 million liability limit per claim and an aggregate $60 million coverage limit ("Lexington policy"). (See Compl. Ex. A.) The Lexington policy is also subject to a $3 million per claim self-insured retention and an aggregate $30 million self-insured retention.

Reliance Insurance Company ("Reliance") issued UnitedHealth Group an excess managed care professional liability insurance policy that was subject to a $25 million liability limit per claim and an aggregate $50 million coverage limit ("Reliance policy"). (See id. Ex. B.) The Reliance policy is a follow-form policy and, accordingly, incorporates the terms and conditions of coverage that are set forth in the underlying Lexington policy. On October 3, 2001, Reliance was declared insolvent upon a petition by the Insurance Commissioner of the Commonwealth of Pennsylvania. (See Def. Columbia's Mem. Law. Supp. Mot. Dismiss Ex. A.) As a result, Reliance is statutorily precluded from being joined as a defendant in this lawsuit by order of the Pennsylvania Commonwealth Court. (See id.)

Columbia also issued UnitedHealth Group an excess managed care professional liability insurance policy subject to a $30 million per claim liability limit and an aggregate $60 million coverage limit ("Columbia policy"). (See Compl. Ex. C.) The Columbia policy provides UnitedHealth Group coverage for those claims in excess of the respective liability limits of both the Lexington and

2

Reliance policies.  The Columbia policy is also a follow-form policy, incorporating the terms and conditions of coverage set forth in the underlying Lexington and Reliance policies.

Lexington ultimately denied coverage for thirty-five of the claims that UnitedHealth Group tendered for coverage ("denied claims").  (See id. Ex. D.)  UnitedHealth Group filed this action seeking a declaratory judgment against both Lexington and Columbia that all thirty-five denied claims are covered under the Lexington, Reliance and Columbia policies.  UnitedHealth Group also asserts a breach-of-contract claim against Lexington and has filed a motion to amend its complaint to assert a breach-of-contract claim against Columbia.[1]

Columbia moves the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that UnitedHealth Group's request for a declaratory judgment is not ripe for adjudication.  In the alternative, Columbia requests the court to stay the proceedings under the abstention doctrine.  Columbia also moves the court to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The magistrate judge recommended granting Columbia's motion to dismiss for lack of ripeness and did not reach the merits of the

---

[1] That motion is currently pending before Magistrate Judge Susan Richard Nelson.

3

abstention and Rule 12(b)(6) arguments raised in Columbia's motion.[2] The magistrate judge found that UnitedHealth Group's declaratory judgment claim against Columbia requires further factual development and is contingent upon too many uncertainties. Specifically, she reasoned that before the claim could be ripe for adjudication the court would need to first determine the coverage dispute under the Lexington and Reliance policies. If the denied claims were determined to be covered, the magistrate judge further found that ripeness would be contingent upon Columbia's policy being reached and Columbia disputing coverage. The magistrate judge found no evidence that the denied claims would penetrate the Columbia policy or that Columbia would then dispute coverage.

UnitedHealth Group objects to the magistrate judge's recommendation that its claims against Columbia be dismissed for lack of ripeness pursuant to Rule 12(b)(1). Columbia opposes UnitedHealth Group's objection and also argues that even if the court finds UnitedHealth Group's declaratory judgment claim ripe for adjudication, the magistrate judge's findings support both abstention and dismissal pursuant to Rule 12(b)(6).

_____

[2] The magistrate judge recommended that Lexington's Rule 12(b)(6) motion be converted into a Rule 56 motion for summary judgment and denied. The magistrate judge also recommended that Lexington's Rule 12(b)(1) motion be denied without prejudice. No party has objected to those recommendations and, accordingly, the court adopts the R&R as it relates to those recommendations.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

**I.    Rule 12(b)(1) Motion**

**A.    Standard of Review**

A defendant may move to dismiss based upon lack of subject matter jurisdiction by either challenging the face of the complaint or the truthfulness of the factual averments made therein. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). In a facial challenge, all of the factual allegations contained in the complaint are presumed to be true. Titus, 4 F.3d at 593. By contrast, in a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations," and the plaintiff has the burden to prove that jurisdiction exists by a preponderance of the evidence. Osborn, 918 F.2d at 730 (internal quotations omitted); see also Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969). Accordingly, the court may look to evidence outside of the record to satisfy itself of its jurisdiction to hear the case. See Deuser v. Vecera, 139 F.3d 1190, 1192 n.3 (8th Cir. 1998); Drevlow v. Lutheran Church, 991 F.2d 468, 470 (8th Cir. 1993).

**B.    Ripeness Doctrine**

The Declaratory Judgment Act authorizes the court to enter a declaratory judgment only if there exists an actual controversy that is definite, concrete and touches upon the parties' legal relations.  28 U.S.C. § 2201; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937).  A party that seeks a declaratory judgment has the burden to establish that an actual controversy exists.  Cardinal Chem. Co. v. Morton Int'l Inc., 508 U.S. 83, 95 (1993) (citing Aetna Life Ins., 300 U.S. at 240-41).

Whether an actual controversy exists that is ripe for adjudication is a question of degree, and the court looks to the "'fitness of the issues for judicial decision'" and "'the hardship to the parties of withholding court consideration.'"  Neb. Pub. Power Dist. v. MidAmerican Energy, Co., 234 F.3d 1032, 1037-38 (8th Cir. 2000) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1993)).  The two inquiries operate on a sliding scale and neither is dispositive.  Id. at 1039.  A party seeking judicial relief must satisfy both the fitness and the hardship prong to "at least a minimal degree."  Id.

**1.   Fitness For Judicial Decision**

The fitness requirement looks to whether a case "would benefit from further factual development."  Pub. Water Supply Dist. No. 10 v. City of Peculiar, 345 F.3d 570, 573 (8th Cir. 2003).  Cases that

are largely legal in nature or can be settled through judicial resolution are more likely to be fit for adjudication.  Id.

In the context of excess insurance policies, that the liability of an excess insurer is contingent does not per se defeat jurisdiction over a declaratory judgment action over the policy. See E.R. Squibb & Sons, Inc. v. Lloyd's & Cos., 241 F.3d 154, 177 (2d Cir. 2001) (en banc).  "Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real."  Id.  In evaluating the ripeness of a declaratory judgment claim over an excess insurance policy that has not yet been penetrated, courts "should focus on the practical likelihood that the contingencies will occur."  Id.  When the potential liability of an excess insurer is involved, courts are truly dealing "with matters of degree" and therefore ripeness requires "only a probabilistic injury."  Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 681 (7th Cir. 1992) (noting that a ten percent chance of obtaining a judgment in excess of the underlying policy limits was sufficient in light of the value of the claims in dispute); see also Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 30 (D. Mass. 2000) (excess insurer's liability requires only a "reasonable likelihood that the claims will mature as to that defendant").

UnitedHealth Group asserts that as of November 30, 2005, Columbia's coverage layer has been penetrated in an amount in excess of $1,063,130.40 due to the continued payment of defense costs and indemnity payments allegedly regarding an American Medical Association lawsuit ("AMA litigation"). (Albright Dec. 22, 2005, Aff. ¶ 3; <u>see also</u> Bouslog Aff. Ex. A.). UnitedHealth Group also provides the court with a letter dated November 17, 2005, in which Columbia informs UnitedHealth Group of its preliminary position on coverage regarding the AMA litigation. (<u>See</u> Albright Dec. 22, 2005, Aff. Ex. A.) In that letter, Columbia indicated that the claims submitted regarding the AMA litigation would not be covered by the Columbia policy because, among other things, there is no indication that the underlying policy limits or Lexington's self-insured retention have been exhausted. (<u>See id.</u>)

The court finds that UnitedHealth Group has proffered sufficient evidence to indicate that there is a practical likelihood that Columbia's policy has been, or will soon be, penetrated. Accordingly, further factual development is not necessary. Columbia persists, however, in its argument that the coverage for the denied claims will never penetrate the Columbia policy because the Reliance policy will never be exhausted.[3] (<u>See</u>

---

[3] Columbia further argues that it has not yet had the opportunity to deny coverage for any of the thirty-five denied claims. However, the court finds that argument unpersuasive. Lexington has expressly denied coverage for each of the thirty-five
(continued...)

Lewis Aff. Ex. A.)  Columbia's assertion that reaching its policy is an impossibility depends upon an ultimate determination that the thirty-five denied claims are not covered under the Lexington policy and will not reduce the Lexington or Reliance policies. (See Lewis Aff. Ex. A.)  However, if the court determines that the thirty-five denied claims are covered under the Lexington policy and Lexington proceeds to exhaust its reserves on undisputed claims, the likelihood that the Columbia policy will be penetrated would substantially increase.  (See id.)  The court finds that judicial resolution of the coverage dispute will resolve not only whether the denied claims are covered but also the current uncertainty regarding exhaustion.

Furthermore, the court is fully able to determine the coverage dispute regarding the thirty-five denied claims under both the Lexington and Columbia policies because interpretation of insurance policies is purely a question of law.  See Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 879-80 (Minn. 2002).  The pendency of the Reliance liquidation proceedings in Pennsylvania does not preclude this court from interpreting the relevant insurance policies to determine coverage.  See, e.g., Am. Hoist & Derrick Co. v. Employers' of Wausau, 454 N.W.2d 462 (Minn. Ct. App. 1990)

---

[3](...continued)
claims and a prerequisite for coverage under the Columbia policy is that a claim be covered under the Lexington policy.  (See Compl. Exs. A, C.)

(interpreting policies to determine whether fourth level excess insurer was required to provide drop down coverage due to the insolvency and liquidation of both the second level excess insurer and third level excess insurer).  Therefore, the court finds that the fitness inquiry weighs in favor of finding the claim ripe for adjudication.

### 2.  Hardship to the Parties

The hardship requirement addresses whether "the plaintiff has sustained or is immediately in danger of sustaining" a direct injury as a result of the challenged conduct.  Pub. Water Supply Dist. No. 10, 345 F.3d at 573.  If the injury has not yet occurred, it "'must be certainly impending'" to satisfy the hardship prong.  Id. (quoting Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958-59 (8th Cir. 2001)).

UnitedHealth Group has paid in excess of $20,308,091 in defense costs and indemnity payments for the denied claims.[4] (Albright Aug. 29, 2005, Aff. ¶¶ 2,9.)  UnitedHealth Group argues that Lexington's erroneous denial of coverage is requiring it to front payments that should be covered under the Lexington, Reliance and Columbia policies.  UnitedHealth Group further argues that dismissing its claim against Columbia at this stage will likely

---

[4]   According to UnitedHealth Group, all of the thirty-five denied claims have been settled or resolved with the relevant claimants and thirty-two of the denied claims have actually been closed.  (Albright Aug. 29, 2005, Aff. ¶¶ 3-4.)

require UnitedHealth Group to engage in subsequent and separate litigation against Columbia over issues which could be conclusively determined in this lawsuit.   The court finds that UnitedHealth Group has met its burden to establish hardship.   Therefore, the hardship inquiry also weighs in favor of a determination that the declaratory judgment claim is ripe.

In conclusion, applying the two-prong ripeness inquiry, the court finds that there is an actual controversy between UnitedHealth Group and Columbia and that the declaratory judgment claim is ripe for adjudication.   See Neb. Pub. Power Dist., 234 F.3d at 1039.   For all of the foregoing reasons, the court will not dismiss UnitedHealth Group's claim against Columbia at this time for lack or ripeness.

## II.   Abstention Doctrine

Having concluded that the declaratory judgment claim is ripe for adjudication, the court decides whether to abstain in light of the Reliance liquidation proceeding in Pennsylvania.   Federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress."   Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).   In general, abstention is only appropriate in those "extraordinary and narrow circumstances where it would clearly serve an important countervailing interest."   Bilden v. United Equitable Ins. Co., 921 F.2d 822, 826 (8th Cir. 1990) (internal quotations omitted); see also Moses H. Cone Mem'l

Hosp'l v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976).   However, when a plaintiff seeks relief under the Declaratory Judgment Act, "considerations of practicality and wise judicial administration" vest the court with greater discretion to abstain.   Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005).   In the context of abstention, "the interest of an insured in binding as many of its insurers as possible to a single adjudication is a factor strongly weighing in favor of maintenance of an inclusive action."   Federated Rural Elec. Ins. Corp. v. Arkansas, 48 F.3d 294, 298 (8th Cir. 1995) (quoting Ins. Co. of Penn. v. Syntex, 964 F.2d 829, 834-35 (8th Cir. 1992)).

Columbia argues that the court should exercise its discretion to stay this matter pending the outcome of the Reliance liquidation proceeding pursuant to the abstention principles set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943), and Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

### A.   **Burford** Abstention

Under the Burford doctrine, a federal court sitting in equity must decline to interfere with the proceedings of a state administrative agency if (1) there is timely and adequate state-court review available and (2) the case involves "'difficult questions of state law bearing on policy problems of substantial

public import'" or the exercise of federal review would disrupt "'state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989) (quoting Col. River, 424 U.S. at 814). In other words, Burford abstention is appropriate when (1) a state has established a complex regulatory scheme, (2) that scheme is supervised by state courts and serves important state interests and (3) resolution of the issues would demand specialized knowledge and application of complicated state laws. See Bilden, 921 F.2d at 825-26.

The court finds that Burford abstention is not warranted under the circumstances of this case. Resolution of the declaratory judgment claims against Lexington and Columbia do not require specialized knowledge or involve a complex regulatory scheme. To the contrary, a determination of coverage will turn on this court's application of Minnesota law to interpret the relevant policies.[5] That coverage will be determined pursuant to Minnesota law further works against Columbia's argument that this court should defer to the Pennsylvania Commonwealth Court to determine whether the thirty-five denied claims are covered. Further, the court finds that a determination of coverage under the Lexington and Columbia policies will not unduly intrude upon the ability of the

---

[5]   Pursuant to the Lexington policy, Minnesota law is to govern all issues concerning interpretation of coverage. (Compl. Ex. A. at § 2.11.)

Commonwealth Court of Pennsylvania to administer the Reliance liquidation proceeding.   Therefore, <u>Burford</u> abstention is not warranted in this case.

### B.   <u>Wilton</u> Abstention

Under the <u>Wilton</u> doctrine, the court has discretion to abstain from exercising jurisdiction in a declaratory judgment action when there is a pending parallel state court proceeding.   <u>Scottsdale Ins. Co.</u>, 426 F.3d at 996 (citing <u>Wilton</u>, 515 U.S. at 282-90).   The threshold issue is whether a parallel proceeding was pending in state court at the time the plaintiff filed the declaratory judgment action.   <u>Id.</u>   For purposes of <u>Wilton</u> abstention, lawsuits are parallel if "substantially the same parties litigate substantially the same issues in different forums."   <u>Id.</u> at 997. If there is not a parallel state court proceeding, the court's discretion to abstain is greatly reduced and the court weighs several considerations to determine whether <u>Wilton</u> abstention is appropriate.[6]   <u>Id.</u> at 998-99 (adopting analysis of Fourth Circuit in <u>Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.</u>, 139 F.3d 419, 422

---

[6] Those factors are (1) whether the declaratory judgment will serve a useful purpose; (2) whether the declaratory judgment will afford relief from uncertainty, insecurity, or controversy; (3) the strength of the state's interest in having the issues decided in state court; (4) whether the issues raised in the federal action can more efficiently be resolved in state court; (5) whether the federal action would entangle the federal and state court systems and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing.   <u>See</u> <u>Scottsdale Ins. Co.</u>, 426 F.3d at 998 (internal quotations omitted).

(4th Cir. 1998)).

The court finds that the Reliance liquidation proceeding is not a parallel state court proceeding sufficient to warrant <u>Wilton</u> abstention. As an initial matter, UnitedHealth Group, Lexington and Columbia are not parties to the liquidation proceeding currently pending in the Commonwealth Court of Pennsylvania and Reliance is statutorily barred from being named a party to this lawsuit.[7] Moreover, the coverage dispute over the thirty-five denied claims presented in this lawsuit by UnitedHealth Group against Lexington and Columbia does not present substantially the same issues that are currently before the Pennsylvania Commonwealth Court in the Reliance liquidation. Therefore, the court finds that a parallel state court proceeding was not pending at the time UnitedHealth Group filed this action.

---

[7] The court is aware that UnitedHealth Group is currently pursuing claims against Reliance in the Reliance liquidation proceeding. Columbia argues that UnitedHealth Group's pursuit of claims against Reliance warrants abstention in this case. The court disagrees. Columbia further asserts that it has served a notice of claim in the liquidation proceeding to, among other things, request the liquidator's consent to have the claims in this lawsuit determined in the liquidation proceeding. UnitedHealth Group argues that Columbia's notice of claim was untimely and, regardless, the Pennsylvania Commonwealth Court does not have jurisdiction over UnitedHealth Group's claims against Lexington and Columbia. The court declines, however, to evaluate the jurisdiction of the Pennsylvania court to hear such claims because it is not necessary to determine whether abstention is appropriate.

Even if the court found the Reliance liquidation proceeding to be parallel, a balancing of the relevant considerations set forth in the <u>Scottsdale</u> opinion would weigh against <u>Wilton</u> abstention under the circumstances of this case.  See <u>Scottsdale Ins. Co.</u>, 426 F.3d at 998.  For all the foregoing reasons, <u>Wilton</u> abstention is not warranted.

## III. Failure to State a Claim

Columbia argues that the "no action" clause contained in the Columbia policy bars UnitedHealth Group's lawsuit against Columbia at this stage and warrants a Rule 12(b)(6) dismissal.[8]  Under the notice pleading standards set forth by the Federal Rules of Civil Procedure, a plaintiff needs only set forth a "short and plain statement of the claim" sufficient to show entitlement to relief. Fed. R. Civ. P. 8(a).  The court construes the complaint liberally and takes all factual allegations contained therein to be true. <u>Turner v. Holbrook</u>, 278 F.3d 754, 757 (8th Cir. 2002).  A motion to dismiss is to be granted only if it appears beyond doubt that the plaintiff cannot prove any set of facts to support its claim.  <u>Id.</u> The court construes the pleadings as a whole "'to do substantial

---

[8]   The "no action" clause provides that no action will lie until the amount of UnitedHealth Group's obligation to pay has been finally determined by either a final judgment against UnitedHealth Group following a trial or by a written settlement agreement entered into by UnitedHealth Group and Columbia. (<u>See</u> Compl. Ex. B.)  The "no action" clause is set forth in the Reliance policy and incorporated into the Columbia policy as a result of the follow-form nature of the Columbia policy.

justice.'"  <u>Shurgard Storage Centers v. Lipton-U. City, LLC</u>, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting Fed. R. Civ. P. 8(f)).

In its complaint, UnitedHealth Group asserts that it is seeking coverage of the denied claims "pursuant to and in accordance with the terms and conditions of the Lexington Policy, the Reliance Policy and the Columbia Policy" and "requests that the Court issue a judicial declaration that the Denied Claims are covered."  (Compl. ¶¶ 13, 21.)  The court finds that under principles of notice pleading UnitedHealth Group has sufficiently pleaded a claim for a declaratory judgment of coverage.  Therefore, dismissal for failure to state a claim is not warranted.

## CONCLUSION

Following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in part.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Defendant Columbia Casualty Company's motion to dismiss [Docket No. 4] is denied.

2.  Defendant Lexington Insurance Company's motion to dismiss [Docket No. 9] is denied without prejudice.

Dated:  March 16, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court

17