UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITEDHEALTH GROUP INCORPORATED, a Minnesota corporation,<br><br>        Plaintiff,<br><br>v.<br><br>COLUMBIA CASUALTY COMPANY, an Illinois corporation; FIREMAN'S FUND INSURANCE COMPANY; AMERICAN ALTERNATIVE INSURANCE CORPORATION; EXECUTIVE RISK SPECIALTY INSURANCE COMPANY; FIRST SPECIALTY INSURANCE CORPORATION; STARR EXCESS LIABILITY INSURANCE INTERNATIONAL LIMITED; LIBERTY MUTUAL INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA;<br><br>        Defendants. | Case No. 05-CV-1289 (PJS/SER)<br><br>ORDER |

    David B. Goodwin, Michael S. Greenberg, COVINGTON & BURLING, LLP; Jeffrey J. Bouslog, Christine N. Lindblad, OPPENHEIMER WOLFF & DONNELLY LLP, for plaintiff.

    Charles E. Spevacek, Tiffany M. Brown, MEAGHER & GEER, PLLP; Michael M. Marick, Rebecca R. Haller, J. Robert Hall, MECKLER BULGER TILSON MARICK & PEARSON LLP, for defendant Columbia Casualty Company.

    Lynn H. Murray, GRIPPO & ELDEN LLC; Louise M. McCabe, TROUTMAN SANDERS LLP; William L. Davidson, LIND, JENSEN, SULLIVAN & PETERSON, P.A., for defendant Fireman's Fund Insurance Company.

    Ronald P. Schiller, Robert L. Ebby, Jacqueline R. Dungee, HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER; Alan L. Kildow, Sonya R. Braunschweig, DLA PIPER LLP (US), for defendants Executive Risk Specialty Insurance Company and First Specialty Insurance Corporation.

David P. Pearson, Thomas H. Boyd, Brent A. Lorentz, WINTHROP & WEINSTINE, P.A., for defendants National Union Fire Insurance Company of Pittsburgh, PA and Starr Excess Liability Insurance International Limited.

This matter is before the Court on two motions: (1) the motion of UnitedHealth Group Inc. ("United") for partial summary judgment concerning the exhaustion requirements of the policy issued by defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and (2) the motion of defendants Columbia Casualty Company ("Columbia") and Fireman's Fund Insurance Company ("FFIC") to exclude evidence and argument regarding United's new "allocation" theory. At the Court's request, the parties have also briefed whether and how the doctrine of *contra proferentem* should apply in this case. *See* Docket No. 1194. The Court held oral argument on these issues on September 21, 2012 and makes the following rulings:

With respect to the application of *contra proferentem*: In its order of January 19, 2010, the Court rejected the notion that *contra proferentem* can apply on a provision-by-provision basis depending on the identity of the drafter. *See* ECF No. 460 at 4-7. The Court later became aware of Minnesota authority — most notably, *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81, 89 (Minn. 1979) — that suggested that *contra proferentem* may indeed be applied on a provision-by-provision basis. The Court asked the parties to revisit the issue.

In their briefs, the parties essentially agree that *if* the *contra proferentem* doctrine can be applied against the insured in litigation over the meaning of an insurance policy, then the doctrine could be applied on a provision-by-provision basis. The parties disagree, however, about whether *contra proferentem* can ever be applied against an insured — and, even if it can, whether it should be applied against United in this case.

The Court discussed this issue with the parties at length at the September 21 hearing. For the reasons described by the Court at the hearing — most notably, the fact that the Lexington policy was jointly drafted by United and Lexington; the fact that the Lexington policy is derived to a substantial extent from policy provisions that were initially drafted by insurance companies; the fact that both parties to the Lexington policy were large, sophisticated insurance companies; and the fact that the excess insurers played little or no role in the negotiation of the Lexington policy — the Court declines to apply *contra proferentem* against either United or its excess insurers in construing any provision of the Lexington policy. Therefore, the Court will not reverse its earlier ruling rejecting the application of *contra proferentem* in this case (at least as to the Lexington policy).

With respect to Columbia and FFIC's motion to exclude evidence and argument regarding United's new "allocation" theory: Columbia and FFIC ask the Court to preclude United's new argument, not under any doctrine of waiver or estoppel, but rather under the Court's inherent authority to control its docket. Having reviewed the exhibits offered by these insurers, the Court declines to do so. Although the Court does not condone any party "hiding the ball" from the other parties (particularly in a case as complex as this), and although the Court has some sympathy for the insurers, United's conduct simply does not justify invocation of the Court's inherent authority to preclude United from arguing its position. As the Court explained at the September 21 hearing, there are discovery tools that the insurers could have used — but failed to use — to nail down United's position. There are also doctrines (such as waiver and estoppel) that can come into play when a party commits fraud or similarly egregious misconduct. Given that Columbia and FFIC do not contend that any of these ordinary devices for controlling

the course of litigation apply as a matter of law to preclude United's argument, it would be extraordinary for the Court to rely on its inherent authority to do so. The Court's use of its inherent authority to preclude a party from making an argument should be reserved as a last resort for egregious circumstances, and United's conduct with regard to its new "allocation" argument — while far from admirable — does not rise (or fall) to that level. The Court therefore denies Columbia and FFIC's motion.

Finally, with respect to United's motion regarding the exhaustion requirements of the National Union policy: The Court concludes that United's below-limits settlements with lower-level excess insurers, combined with United's agreement to "swallow the gap" between the settlement amount and the maximum amount of coverage available under those lower-level policies, is sufficient to satisfy any exhaustion requirement in the National Union policy. The Court will later issue a memorandum opinion that will thoroughly explain the basis for its conclusion. For now, though, the Court merely notes the following:

The relevant case law makes clear that Minnesota has a strong public policy in favor of encouraging gap-swallowing settlements and permitting such settlements to satisfy the exhaustion requirements of upper-layer excess policies (or their equivalents). As the Minnesota Supreme Court, the Minnesota Court of Appeals, and this Court have all observed, a contrary rule would impose extraordinary burdens on insureds, underlying insurers (or their equivalents), and the overwhelmed judicial system in return for little or no advantage to the upper-layer insurer. The Court therefore predicts that the Minnesota Supreme Court would hold that an exhaustion provision in an excess policy that explicitly required actual payment by lower-level insurers of every dollar of available underlying coverage — and that forbade any gap swallowing

by the insured — is void as against public policy. Moreover, even if the Court's prediction is wrong and the Minnesota Supreme Court would enforce such a provision, the Court is confident that, at a minimum, the Minnesota Supreme Court would insist that the provision be crystal clear so that the insured and underlying insurers have fair warning of its terms. The National Union policy is far from crystal clear on this question; indeed, its lack of clarity was demonstrated by the fact that National Union espoused an interpretation at oral argument that was at odds with the interpretation espoused in its brief. The Court therefore grants United's motion and holds that its gap-swallowing settlements with two of the underlying insurers are sufficient to satisfy any exhaustion requirement in the National Union policy.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. United's motion for partial summary judgment concerning the exhaustion requirements of the National Union policy [ECF No. 1195] is GRANTED.
2. Columbia and FFIC's motion to exclude evidence and argument by United regarding United's "allocation" theory [ECF No. 1200] is DENIED.

Dated: September 27, 2012       s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge